(Pleito No. 182.—Fallado el 26 de Marzo de 1902.)

## CATALÁN contra URIARTE.

RECURSO contra sentencia dictada por la Corte de Distrito de Arecibo.

1.—RECURSOS. Las reglas de procedimiento no pueden servir de fundamento al recurso de casación por infracción de ley. Con arreglo al artículo 1,718 de la Ley de Enjuiciamiento Civil, en el escrito interponiendo el recurso por infracción de ley, además de citarse la ley ó doctrina legal infringida, debe expresarse el concepto en que lo haya sido.

2.—ANOTACIÓN PREVENTIVA. El acreedor que haya obtenido á su favor anotación preventiva de providencia, prohibiendo la enajenación de bienes inmuebles, será preferido en cuanto á los bienes anotados solamente, á los que tengan contra el mismo deudor otro crédito contraído con posterioridad á dicha anotación.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y seis de Marzo de mil novecientos dos, en el juicio seguido ante el Tribunal de Distrito de Arecibo por Doña Dolores y Doña Filiberta Catalán y Rivera, asistidas respectivamente de sus esposos Don José Nieto Sierra y Don Antonio Mª Fernández, propietarios y vecinos de Utuado, contra Doña Eusebia Uriarte Jáuregui, industrial y vecina de Arecibo, Don Pascasio Serrano y su consorte Doña María Rosario Vargas, y Don Tomás Aquino Quiñones, propietarios y vecinos de Utuado, sobre nulidad de actuaciones de un juicio verbal civil, del embargo, remate y adjudicación de una casa en dicho juicio, de las escrituras de venta de la misma, y de varias inscripciones relativas á dicha casa, practicadas en el Registro de la Propiedad de Arecibo, y sobre vigor de la anotación preventiva de la prohibición de enajenar aquélla; cuyo juicio pende ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por las partes demandantes, contra la sentencia del mencionado Tribunal, habiendo llevado la representación y defensa de las mismas el Letrado Don Elpidio de los Santos, sin que hayan comparecido ante esta Corte Suprema las partes

recurridas.—Resultando: Que la expresada sentencia, copiada literalmente dice así:—"En la villa de Arecibo, á dos de Mayo de mil novecientos uno.—Visto: Ante este Tribunal de Distrito en juicio oral y público el pleito declarativo de mayor cuantía, promovido por Doña Dolores Catalán y Rivera, asistida de su legítimo esposo Don José Nieto Sierra, y de Doña Filiberta Catalán y Rivera, asistida también de su legítimo consorte Don Antonio Mª Fernández, ambas mayores de edad, propietarias y vecinas de Utuado, dirigidas por el Abogado Don Elpidio de los Santos La Guardia, contra Doña Eusebia Uriarte y Jáuregui, mayor de edad, industrial y vecina de Arecibo, Don Pascasio Serrano y su esposa Doña María Rosario Vargas, y contra Don Tomás Aquino Quiñones, también mayor de edad, propietarios y vecinos de Utuado, dirigidos por el Abogado Don Félix Santoni Rodríguez, sobre nulidad de actuaciones de un juicio verbal civil tramitado ante el Juzgado Municipal de Utuado, y de la adjudicación hecha de una casa á Doña Eusebia Uriarte, así como de varias inscripciones practicadas en el Registro Civil de este Distrito, y de la escritura de venta de la misma casa realizada por la Uriarte á Don Tomás Aquino Quiñones, y se declare vigente la anotación preventiva de prohibición de enajenar dicha casa, decretada en el juicio declarativo seguido por las hoy demandantes, contra Don Pascasio Serrano; y Resultando: Que Doña Eusebia Uriarte, vecina de Utuado, siguió durante los años noventa y cinco y noventa y seis juicio verbal en cobro de pesos contra Don Pascasio Serrano ante el Juzgado Municipal de Arecibo, habiéndose dictado sentencia condenatoria contra dicho Serrano y adjudicádose en cumplimiento de ella á la demandante, una casa de madera radicada en el pueblo de Utuado, teniendo la adjudicación fecha veinte y ocho de Abril de mil ochocientos noventa y seis, y siendo inscrita algún tiempo después en el Registro de la Propiedad de este Distrito, en donde aparecía con fecha veinte y seis de Junio del mismo año una anotación preventiva de prohi-

bición de enajenar la misma finca, decretada en el juicio declarativo de mayor cuantía, seguido ante el suprimido Juzgado de 1ª Instancia de este Distrito, por Doña Dolores y Doña Filiberta Catalán y Rivera, contra el mismo Don Pascasio Serrano, en cobro de pesos.—Resultando : Que con fecha doce de Septiembre de mil ochocientos noventa y seis, se dictó sentencia en dicho juicio de menor cuantía, condenando al expresado Don Pascasio Serrano, á pagar á las hermanas Catalán y Rivera, la suma de mil trescientos sesenta y seis pesos sesenta y seis centavos, moneda provincial, declarándose al propio tiempo que la finca cuestionada, si bien tenía el carácter de bienes gananciales, como adquirida durante el matrimonio de Serrano con su esposa, quedaba sujeta á dicha sentencia, y cuando en ejecución de la misma se fué á trabar embargo de la finca referida, se hizo saber al embargante que ya la finca era propiedad de Don Tomás Aquino Quiñones, quien la adquirió de Doña Eusebia Uriarte, siendo actualmente propiedad de Doña María Luisa González, quien no ha sido demandada en este juicio. —Resultando : Que el abogado Don Elpidio de los Santos y La Guardia, á nombre de las hermanas Catalán y Rivera, á cuyo favor se dictó en doce de Septiembre de mil ochocientos noventa y seis, la sentencia ejecutoria referida contra la finca de Don Pascasio Serrano, ha promovido ante este Tribunal de Distrito en ocho de Mayo último, juicio declarativo de mayor cuantía contra Doña Eusebia Uriarte y Jáuregui, Don Pascasio Serrano y su esposa Doña María Rosario Vargas, y contra Don Tomás Aquino Quiñones, solicitando la nulidad de todas las actuaciones practicadas en el Juzgado Municipal de Utuado, la adjudicación de la casa rematada por la Uriarte, su inscripción, la de los contratos posteriores de compra-venta de la expresada casa, las de la anotación de suspensión y su prórroga, decretadas en el referido juicio verbal y practicadas en el Registro de la Propiedad de esta Villa, las de inscripciones de dominio de dicha casa á favor de Don Tomás Aquino Quiñones y de Don José

Vidal Quiñones y Ríos, así como las que los subsiguieron; y que se declarara vigente la anotación preventiva de prohibición de enajenar la misma casa, decretada á instancia de las demandantes en el juicio declarativo de menor cuantía que anteriormente siguieron contra Don Pascasio Serrano, y anotar en consecuencia la inscripción en el Registro, de la sentencia dictada en dicho juicio de menor cuantía, así como el embargo de la repetida casa dictado en la ejecución de la anterior sentencia, con las costas á los demandados.—Resultando: Que con la demanda se acompañaron: un certificado de juicio de conciliación entre las partes, del Juzgado Municipal de esta Villa; otro, también de conciliación entre los mismos, del Juzgado Municipal de Utuado; otro, de la sentencia dictada en el juicio declarativo de menor cuantía que se siguió en el suprimido Juzgado de 1ª Instancia de este Distrito, entre los actuales demandantes y Don Pascasio· Serrano, así como del embargo practicado en la casa de Serrano, así como del mandamiento de inscripción de dicha sentencia en el Registro de la Propiedad y de la denegación del Registrador, por no aparecer inscrita la finca en el Registro á nombre de Don Pascasio Serrano y de su consorte; una certificación del mismo Registrador, relativa á que en veinte y seis de Junio de mil ochocientos noventa y seis, se anotó preventivamente en el Registro la prohibición de enajenar la casa expresada, por haberse dispuesto así por el suprimido Juzgado de 1ª Instancia del Distrito, á petición de las hermanas Catalán y Rivera, y la que en once de Septiembre de mil ochocientos noventa y seis se inscribió en el mismo Registro el auto de adjudicación de la misma casa á favor de Doña Eusebia Uriarte, porque según resultaba de los documentos que se acompañaron, el expresado auto de adjudicación tenía fecha veinte y seis de Abril del mismo año, muy anterior á la anotación preventiva de prohibición de enajenar, y una copia simple de la escritura de compra-venta, otorgada por la adjudicataria con la concurrencia de Doña María Rosario Vargas y su esposo Don Pascasio Serrano, de

una parte, y Don Tomás Aquino Quiñones, de otra, y en virtud de la cual la Uriarte traspasó á Quiñones la propiedad de la casa adjudicada, inscribiéndose esa escritura de compraventa el once de Septiembre de mil ochocientos noventa y seis en el Registro de la Propiedad del Distrito.—Resultando: Que conferido traslado de la demanda á los demandados, no comparecieron Doña Eusebia Uriarte, Don Pascasio Serrano ni su esposa Doña María Rosario Vargas, siguiéndose el juicio en su rebeldía, y contestando la demanda Don Tomás Aquino Quiñones, quien expuso que habiendo comprado legalmente la casa en cuestión á Doña Eusebia Uriarte, é inscrito su compra en el Registro de la Propiedad, vendió más adelante á Don José Vidal Quiñones, y éste á Doña Luisa González Díaz, la misma casa, inscribiéndose también en el Registro esta venta, por lo que no podía ejercitar acción alguna el actor sobre dicha finca sin que se citara á la actual dueña mencionada, y agregó los fundamentos de derecho que creyó pertinentes, suplicando en definitiva se declarara sin lugar la demanda y se absolviera de ella al compareciente con las costas al actor, pidiendo ambas partes que se recibiera el pleito á prueba.—Resultando: Que abierto el juicio á prueba, el actor propuso la confesión judicial de los demandados, que habían de contestar á tenor de las posiciones presentadas por él, las cuales fueron declaradas pertinentes; y habiendo comparecido sólo Don Tomás Aquino Quiñones, confesó éste que compró la casa, porque entendió que no valía más de lo que por ella le pidió la Uriarte, y no ser cierto que el valor de dicha casa, cuando la compró, fuera de mil cuatrocientos pesos, ni que su renta mensual llegara á catorce ni quince pesos, ni que hubiera tenido en cuenta á las hermanas Catalán y Rivera para nada absolutamente, si hubiera continuado como dueña de la expresada casa; y no habiendo comparecido los otros demandados, no se les consideró confesos en las posiciones para cuya absolución se les citó; documental, consistente en el examen de los documentos

que acompañó á la demanda, y que han sido expresados en los primeros resultandos de esta sentencia; una certificación del Registrador de la Propiedad de este Distrito, relativa á las anotaciones é inscripciones de que ha sido objeto la casa adjudicada á la Uriarte, desde que pertenecía á Doña María Rosario Vargas; y el juicio original seguido en el Juzgado Municipal de Utuado en donde se adjudicó la casa á la Uriarte; certificación del juicio declarativo de menor cuantía, seguido en el suprimido Juzgado de 1ª Instancia de este Distrito, y del expediente de declaratoria de herederos á favor de las hermanas Catalán y Rivera, como sucesoras de su padre Don Lorenzo Catalán y Tejador, así como otra calificación del Juzgado Municipal de esta villa ante cuya autoridad pasaron las actuaciones del juicio verbal de la Uriarte, contra Don Pascasio Serrano y su legítima esposa, y en cuya certificación se hace constar que en la última hoja del citado expediente—que está todo sin foliar—existe una diligencia fechada á veinte y ocho de Julio en que Doña Eusebia Uriarte dice: que teniendo que inscribir la adjudicación que se le ha hecho en este juicio, de la casa embargada á Don Pascasio Serrano, necesita que se le expida certificación de la sentencia dictada y de haber quedado firme y ejecutoria, de la diligencia de embargo, del acta del remate, de la diligencia de adjudicación ó auto en que se disponga, la cual diligencia se encuentra sin autorizar por persona alguna, apareciendo á continuación una providencia de fecha veinte y ocho de Julio de mil ochocientos noventa y seis que dice: "Como se pide", suscrita con la media firma del Juez Sr. Pizá, sin autorizar por el Secretario, y sin que conste ninguna otra diligencia después de dicha providencia, que es la última actuación que existe en el mencionado expediente. Y toda vez que los documentos acompañados con la demanda habían sido redargüidos de falsos por la parte demandada, proponía el cotejo de los mismos. Y la defensa de Don Tomás Aquino sólo propuso prueba documental, consistente en que se libre

mandamiento al Registrador de la Propiedad de esta villa, para que expida certificación literal de las inscripciones posteriores á la de adquisición por Doña Eusebia Uriarte y Jáuregui de la finca urbana inscrita al folio 68 vuelto, del tomo 28 de Utuado, finca número 2, duplicado, inscripción 6ª, que para mayor claridad se describe en la forma siguiente: "Casa terrera de maderas, cobijada de teja de barro, radicada, con el número 15, en la calle de Vega Inclán de la Ciudad de Utuado, con frente al Norte y linda por su derecha, entrando, que es el Oeste, con casa de la sucesión de Natalia Cortés; por su izquierda ó Este, con otra de Don José Mª Cortés; por su espalda ó Sur por un patio que se dice es de Don Eustaquio Collazo; con expresión de la hipoteca constituída por Doña Luisa González y Díaz á favor de los Sres. G. Ledesma y Cª Habiéndose traído al pleito los documentos propuestos.—Resultando: Que siendo casi toda la prueba de carácter documental, y renunciado por la parte que lo propuso el cotejo, el Tribunal, después de celebrada la vista en juicio oral y público y de examinada atentamente la documentación ya expresada, procedió á votar esta sentencia, habiéndose observado en la tramitación del pleito todas las formalidades que la ley prescribe.—Siendo Ponente el Presidente del Tribunal Don Felipe Cuchí y Arnau.—Considerando: Que no habiendo sido partes las hermanas Catalán y Rivera, en los autos del juicio verbal seguidos ante el Juzgado Municipal de esta Villa, entre Doña Eusebia Uriarte y Don Pascasio Serrano, no pueden pretender en manera alguna la nulidad del mismo, porque como tiene declarado en reiteradas sentencias el Tribunal Supremo de España, y muy especialmente en la de siete de Abril de mil ochocientos noventa y dos, carece de personalidad y de acción para pedir la nulidad de un juicio, quien no ha sido parte en él, y según aparece en las actuaciones originales del litigio verbal que se sustanció ante el Juzgado municipal de esta villa durante los años 95 y 96 entre la expresada Sra. Uriarte y el Sr. Serrano, ni Doña María Fili-

berta Catalán y Rivera, ni su hermana Doña Concepción intervinieron para nada en ellas.—Considerando: Que por la misma razón expuesta en el considerando anterior, no puede declararse á instancia de los actuales demandantes la nulidad del embargo y adjudicación de la casa de Don Pascasio Serrano hecha á Doña Eusebia Uriarte en el juicio verbal ya mencionado, porque tanto una diligencia de embargo como una adjudicación hecha en juicio, sólo pueden anularse por diferencias de quienes intervinieren en ellas, y esas diferencias nadie más que las partes directamente interesadas pueden objetarlas, y está sentado que las hermanas Catalán no fueron parte en dicho juicio.—Considerando: Que tampoco puede declararse subsistente la anotación preventiva de prohibición de enajenar, decretada en el juicio de menor cuantía que se siguió ante el suprimido Juzgado de 1ª Instancia de esta Villa á favor de los demandantes, y que se hizo en el Registro de la Propiedad, sobre la casa adjudicada á la Uriarte, porque habiéndose hecho la adjudicación en veinte y seis de Abril de mil ochocientos noventa y seis, la anotación se tomó en diez y seis de Junio del mismo año; y es condición inherente á la naturaleza de las anotaciones preventivas sobre prohibición de enajenar, que la enajenación sea posterior á la fecha de la anotación, sin cuyo requisito la prohibición no tiene eficacia jurídica.— Considerando: Que habiéndose reconocido en este pleito por el actor el carácter de bienes gananciales de la casa adjudicada á Doña Eusebia Uriarte en el juicio que se siguió contra Don Pascasio Serrano, no puede lícitamente impugnarse por el mismo actor la adjudicación hecha á la Uriarte á título de que dichos bienes no podían enajenarse por el marido solamente, viviendo su esposa Doña María Rosario Vargas, toda vez que es doctrina jurídica sancionada por el artículo 1,406 del Código Civil, que los bienes gananciales responden de las deudas exclusivas del marido y no obsta á su enajenación el que consten inscritos en el Registro de la Propiedad á nombre de la esposa, máxime si de esa misma

inscripción aparece que no son parafernales la casa adjudicada.—Considerando: Que conforme al artículo 1,302 del Código Civil, sólo pueden pedir ante los Tribunales de Justicia la nulidad de los contratos, los que se hallen principal ó subsidiariamente obligados por ellos; y según resulta de las escrituras de compra-venta de la casa de Utuado, otorgadas por Doña Eusebia Uriarte con la concurrencia de Don Pascasio Serrano y su legítima esposa, y Don Tomás Aquino Quiñones, y éste y Don José Vidal Quiñones, ninguna de las demandantes en el presente litigio queda en dichos contratos ni principal ni subsidiariamente obligada, por lo que es obvio que carecen de acción para impugnarlos en la forma en que lo han hecho en el pleito.—Considerando: Que según tiene declarado el Tribunal Supremo de España en su sentencia de veinte y siete de Diciembre de mil ochocientos noventa, en congruencia con otras anteriores, para que una enajenación á título oneroso se estime hecha en fraude de acreedores, es preciso que el deudor que enajena haya sido condenado previamente á pagar la deuda á favor del que impugna la enajenación, y ninguna de las partes otorgantes de las escrituras de compra-venta cuya nulidad se pide, aparece haber sido condenada á pagar deuda alguna á los demandantes en este pleito, porque si bien figuran en la escritura de dos de Agosto del noventa y seis Doña María Rosario Vargas y su marido Don Pascasio Serrano, no comparecen en ella como parte otorgante, sino para robustecer el derecho de Doña Eusebia Uriarte, que fué quien únicamente vendió con legítimas facultades para ello, á Don Tomás Aquino Quiñones, la casa objeto de dicha escritura.—Considerando: Que siendo válidas las escrituras de compraventa á que se hace referencia en este pleito, y hallándose las inscripciones de las mismas practicadas en el Registro de la Propiedad con arreglo á los preceptos de la Ley Hipotecaria, no puede declararse la nulidad de dichas inscripciones, por lo que es innegable que también en esta parte debe desestimarse la acción de los demandantes.—Consi-

derando: Que no habiendo sido demandada en este juicio Doña Luisa González, actual propietaria de la finca adjudicada en años anteriores á Doña Eusebia Uriarte, es ocioso hacer pronunciamiento sobre la legitimidad del título de dominio de Doña Luisa, por el conocido principio jurídico de que á nadie puede juzgársele sin haber sido citado para oirlo. — Considerando: Que el litigante que no hubiere comparecido á absolver posiciones, no obstante habérsele citado en forma, será tenido por confeso, si el Tribunal lo juzga justo, en la sentencia definitiva; y teniendo en cuenta que el único demandado que concurrió al llamamiento judicial á absolver posiciones á instancia de los demandantes, manifestó ser inciertas casi todas las preguntas que se le formularon, no es prudente ni equitativo tener á los demás demandados, ó sea, á Doña Eusebia Uriarte, á Don Pascasio Serrano, ni á Doña María Rosario Vargas por confesos en las posiciones que se les formularon y que no absolvieron por haber dejado de comparecer al juicio.—Considerando: Que al litigante cuyas pretensiones fueren totalmente desestimadas se le condenará en las costas del pleito.—Vistos la ley 7ª, título 15, partida 5ª, interpretada por las sentencias del Tribunal Supremo de España de veinte y dos de Junio de mil ochocientos setenta y cuatro, veinte y uno de Junio de mil ochocientos setenta y seis y veinte y siete de Diciembre de mil ochocientos noventa; los artículos 1,261, 1,281, 1,282, 1,300, 1,302, 1,396, 1,401 y 1,406 del Código Civil; los 11, 17, 30, 31, 77 y 82 de la Ley Hipotecaria, y sus concordantes del Reglamento, así como la regla 63 de la Orden General número 118 de mil ochocientos noventa y nueve, y el artículo 371 de la Ley de Enjuiciamiento Civil.—Fallamos: Que declarando sin lugar todas las nulidades propuestas con la demanda, absolvemos de ella á Doña Eusebia Uriarte, á Don Pascasio Serrano y su esposa Doña María Rosario Vargas y á Don Tomás Aquino Quiñones, no teniendo por confesos á los tres primeros en cuya rebeldía se siguió el juicio, y mandamos cancelar la anotación preventiva

de prohibición de enajenar, hecha en veinte y seis de Junio de mil ochocientos noventa y seis en el Registro de la Propiedad de este Distrito sobre la inscripción de la casa objeto de este pleito, con las costas á los demandantes.— Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos.—Felipe Cuchí.—El Juez Asociado Don Ricardo La Costa votó en Sala y no pudo firmar, Felipe Cuchí.— Otto Schoenrich."—Resultando: Que contra la expresada sentencia han interpuesto las demandantes Doña Dolores y Doña Filiberta Catalán y Rivera recurso de casación por infracción de ley, autorizado por los números 1, 2, 4 y 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, citando en cuanto al número 1, como infringidos:—1º Los artículos 2 y 4 del Código Civil, que disponen que la ignoráncia de las leyes no excusa de su cumplimiento, y son nulos los actos ejecutados contra lo dispuesto en las mismas, salvo los casos en que la misma ley ordene su validez, por cuanto en el juicio verbal civil seguido ante el Juzgado municipal de Arecibo por Doña Eusebia Uriarte contra Don Pascasio Serrano en cobro de pesos, dejaron de aplicarse los artículos 1,445, 1,487, 1,488, 1,489, 1,491, 1,492, 1,512 y 1,513 de la Ley de Enjuiciamiento Civil, que regulan el procedimiento de apremio hasta el otorgamiento de la escritura; siendo en su consecuencia nula la otorgada por Serrano y su esposa á favor de la Uriarte, pues lejos de otorgarse mediante el oportuno requerimiento hecho al deudor Serrano, con la prevención de otorgarla el Juez municipal de oficio, procedieron Serrano y consorte á su otorgamiento, no obstante estar notificados de la anotación de prohibición de enajenar que se les había hecho con relación á la casa objeto de la escritura.—2º Los artículos 1,300 y 1,301 del Código Civil, en relación con los 1,281 y 1,291 del mismo Código, en sus casos 3º y 4º—3º El artículo 1,418 del Código Civil, en relación con los 1,420 y 1,422, por cuanto, de no haber recaído una sentencia firme obligando los bienes gananciales al pago de las deudas del marido, ha debido procederse al

inventario y liquidación de la sociedad de gananciales, para deducir en primer lugar la dote de la mujer, que no debe responder de las expresadas deudas, liquidación que no se llevó á efecto antes de proceder los esposos Serrano al otorgamiento de la escritura á favor de doña Eusebia Uriarte.— 4º El artículo 1,424 del Código Civil, toda vez que sólo pueden conceptuarse bienes gananciales á los efectos del pago de deudas del marido, cuando no hay una sentencia firme que así lo declare, los que queden del caudal inventariado al disolverse el matrimonio por cualquiera de los medios que el derecho reconoce.—5º El artículo 1,923 del Código Civil, en su número 4, por cuanto, anotada preventivamente la prohibición de enajenar la casa inscrita á nombre de Doña Rosario Vargas, es evidente que la escritura de doce de Agosto del noventa y seis no puede alterar los efectos legales de aquella anotación, que es de fecha anterior.—6º El artículo 605 del Código Civil, toda vez que los actos y contratos relativos al dominio y demás derechos reales sobre bienes inmuebles, deben constar inscritos en el Registro de la Propiedad, lo que no ha sucedido con el auto de adjudicación hecho á favor de la Uriarte en el juicio verbal contra Serrano, requisito indispensable para que el Notario pudiera admitirlo en su oficina á los efectos de la escritura de doce de Agosto de que se deja hecho mérito.—7º El artículo 606 del Código Civil, por cuanto no habiéndose inscrito en el Registro de la Propiedad el expresado auto de adjudicación con anterioridad á la fecha en que se dictó la prohibición de enajenar, es evidente que no perjudica á Doña Dolores y á Doña Filiberta Catalán, que son terceras á los efectos de la ley, y á cuyo favor existe una sentencia firme declarando bien ganancial la dicha casa y afecta al pago de la deuda de Serrano con las Catalán.—8º El artículo 606 del Código Civil, por cuanto para determinar y resolver en todo lo que á la propiedad inmueble se refiere, debe estarse á lo dispuesto en la Ley Hipotecaria.—9º El artículo 42 de la Ley Hipotecaria, en su caso 4º, por cuanto, obtenida la anotación de

prohibición de enajenar para asegurar los efectos del juicio de menor cuantía pendiente con Serrano, no ha podido ser cancelada aquélla en la forma excepcional empleada en virtud de la defectuosa escritura de Agosto del noventa y seis.—10? El artículo 82 de la Ley Hipotecaria, en su párrafo 3, por cuanto la anotación de prohibición de enajenar fué hecha á virtud de mandamiento judicial y, por consiguiente, ha debido ser cancelada, no en la forma excepcional antes referida, sino mediante mandamiento judicial expedido á virtud de providencia ejecutoria.—11? El artículo 20 de la Ley Hipotecaria, toda vez que la escritura de doce de Agosto de mil ochocientos noventa y seis no ha podido ser inscrita en el Registro de la Propiedad, en atención á que no constando previamente la inscripción del auto de adjudicación á favor de Doña Eusebia Uriarte no podía ser inscribible aquella escritura.—12? El artículo 33 de la Ley Hipotecaria, por cuanto la inscripción de la repetida escritura de doce de Agosto no puede consolidar el acto nulo de la cancelación de prohibición de enajenar, llevada á efecto sin que estuviera acordada á virtud de providencia ejecutoria, como tampoco puede convalidar ni el auto de adjudicación, ni las manifestaciones que hacen las partes que intervinieron en el documento de que se trata.—13? El artículo 71 de la Ley Hipotecaria, en su párrafo 1?, por cuanto, anotada la prohibición de enajenar y notificados de la misma los esposos Serrano con anterioridad á la fecha en que se hizo la escritura de enajenación, es evidente que tal enajenación, en nada perjudica los derechos de las hermanas Catalán, á cuyo favor se había hecho con mucha anticipación la anotación de prohibición de enajenar.—14? El artículo 100 de la Ley Hipotecaria, por cuanto el derecho de los Registradores á calificar, bajo su responsabilidad, la legalidad de las escrituras en cuya virtud se solicitan las cancelaciones, y la capacidad de los otorgantes, no se refiere al caso de autos, en que la anotación de prohibición de enajenar fué hecha á virtud de mandamiento judicial, y era necesario que se hi-

ciera la cancelación mediante mandamiento expedido con los insertos necesarios á virtud de providencia ejecutoria.— 15º El artículo 83 de la Ley Hipotecaria, en su párrafo 1º, por cuanto, de no verificarse en la forma ante dicha la cancelación de la prohibición de enajenar, ha debido al menos cumplirse con el precepto que entraña el texto legal citado, lo que no se ha hecho en. el caso de autos.—16º El artículo 84 de la Ley Hipotecaria, por cuanto, declarándose en ese artículo quién es el Juez ó Tribunal competente para ordenar la cancelación de una anotación, es claro que la cancelación de la anotación de prohibición de enajenar, hecha por un Registrador sin mandamiento judicial, es nula.—17º El artículo 389 de la Ley Hipotecaria, en su párrafo 1º, puesto que ni el Notario autorizante de la escritura de doce de Agosto del noventa y seis debió admitir el auto de adjudicación, sin estar inscrito en el Registro, ni tampoco el Registrador debió admitirlo con semejante defecto, por tratarse de hacer efectivo extemporáneamente en perjuicio de tercero el derecho adjudicado en dicho auto, el que, de haber reunido los requisitos legales necesarios, debió ser inscrito en la fecha de adjudicación.—18º La doctrina legal, establecida por las sentencias del Tribunal Supremo de España de veinte y ocho de Octubre de mil ochocientos sesenta y siete y diez y siete de Diciembre de mil ochocientos setenta y tres, de que las acciones que se fundan en la nulidad de un acto ó contrato no pueden ejercitarse, sin que antes se haya demandado y obtenido la declaración de dicha nulidad; por lo que es evidente que las demandantes, al pedir la nulidad de actos referentes al juicio verbal civil en que intervinieran los demandados, procedieron con arreglo á derecho, y por tanto con personalidad bastante, por ser aquella nulidad base de ulteriores reclamaciones que habían de hacerse contra los que resulten poseedores de la casa en cuestión.—19º El artículo 6º del Código Civil, en su párrafo 26, por cuanto las sentencias del Tribunal Supremo de España de siete de Abril de mil ochocientos noventa y dos y veinte y siete de

Diciembre de mil ochocientos noventa, que se invocan en el fallo, no reunen los requisitos de ley para que se las aplique, en defecto de costumbre del lugar, como principios generales del derecho, existiendo como existen para resolver la cuestión de personalidad de las hermanas Catalán y la de enajenación hecha á título oneroso en fraude de acreedores, el principio general de derecho antes alegado y las disposiciones ya citadas del Código Civil, en relación con el caso 1º del artículo 41 de la Ley Hipotecaria.—Resultando: Que en cuanto á la falta de congruencia de la sentencia con las pretensiones deducidas por los litigantes, alegan Doña Dolores y Doña Filiberta Catalán, que señalan como tal falta de congruencia, la que resulta del escrito de demanda y de la parte del fallo que niega la existencia de acción para pedir la nulidad del juicio verbal que aquéllas estimaron debía probarse antes de ejercitar los demás derechos; agregando que al proponer pruebas y al tratar de la documental, no propusieron la de cotejo, conforme se dice en el penúltimo resultando de la sentencia, sino que esa prueba fué propuesta como supletoria y renunciada posteriormente, porque no fueron redargüidos de falsos los documentos á que se refería.—Resultando: Que en cuanto á las disposiciones contradictorias, del fallo recurrido, alegan las recurrentes como tal contradicción, la de que se declaran sin lugar las nulidades solicitadas en la demanda, y, por tanto, se reputa válida la cancelación de la prohibición de enajenar hecha por el Registrador, no obstante lo cual se manda á cancelar la anotación preventiva de prohibición de enajenar; á lo cual se agrega que, según consta de la súplica de la demanda, las hermanas Catalán han ejercitado distintas acciones de nulidad, como acto previo para deducir la acción reivindicatoria contra el poseedor ó poseedores de la casa de que se trata, y, por consiguiente, el objeto del pleito no es la casa referida, conforme aparece al final del fallo, sino las nulidades que se relacionan en la demanda.—Resultando: Que en cuanto al error en la apreciación de las pruebas, sostienen

las recurrentes que existe el de hecho, según se desprende de la certificación expedida por el Registrador de la Propiedad de Arecibo, de la sentencia dictada en el juicio de menor cuantía, seguido por las hermanas Catalán contra Don Pascasio Serrano, de la notificación de la prohibición de enajenar y del expediente del juicio verbal civil, seguido por Doña Eusebia Uriarte contra Serrano; é igualmente afirman que se ha cometido error de derecho, invocando el texto del artículo 1,219 del Código Civil, por cuanto la escritura del doce de Agosto de mil ochocientos noventa y seis y el auto de adjudicación á que ella se refiere, sólo han podido producir efecto contra tercero, cuando el contenido de ambos documentos hubiese sido anotado en el Registro público competente; lo que no ha podido suceder, porque la anotación de prohibición de enajenar, practicada en virtud de mandamiento judicial, no ha sido cancelada en la forma legal dispuesta, según consta de la certificación expedida por el Registrador de la Propiedad de Arecibo.—Visto: Siendo Ponente el Juez Asociado Don Luis Sulzbacher.—Considerando: Que las reglas de procedimiento no pueden servir de fundamento al recurso de casación por infracción de ley, y que con arreglo al artículo 1,718 de la Ley de Enjuiciamiento Civil, en el escrito interponiéndolo, además de citarse la ley ó doctrina legal infringida, debe expresarse el concepto en que lo haya sido, siendo en su consecuencia improcedente el recurso interpuesto por los motivos 1º, 2º y 8º en que se apoya.—Considerando: Que igualmente son de desestimarse los motivos expuestos bajo los números 3º y 4º, pues para la infracción de los artículos 1,418, 1,420, 1,422, y 1,424 del Código Civil, que se citan, es necesario que se hubiera disuelto la sociedad de gananciales constituída por los esposos Don Pascasio Serrano y Doña María Rosario Vargas, lo que no consta del juicio; aparte de que la casa adjudicada á Doña Eusebia Uriarte, ha sido declarada por sentencia bien ganancial, y las recurrentes también así lo tienen reconocido, sin que por tanto puedan ir contra sus propios actos.—Conside-

rando : Que de los artículos 605 y 606 del Código Civil, que se citan como infringidos al exponer los motivos 6 y 7, el primero no contiene disposición concreta con relación al caso de autos, y el 606 no puede interpretarse en los térmi-nos que pretenden las recurrentes, sino en armonía con el ar-tículo 44 de la Ley Hipotecaria, que preceptúa que el acree-dor que haya obtenido á su favor anotación preventiva de providencia, prohibiendo la enajenación de bienes inmue-bles, será preferido en cuanto á los bienes anotados sola-mente, á los que tengan contra el mismo deudor otro crédito contraído con posterioridad á dicha anotación; y como el crédito de Doña Eusebia Uriarte, que motivó la adjudica-ción de la casa de los consortes Serrano, es de fecha ante-rior á la anotación de prohibición de enajenarla, es claro que las hermanas Catalán no pueden alegar preferencia en el co-bro; siendo además de notar que el artículo 1,923 del Código Civil en su número 4, cuya infracción se invoca en el 5º motivo, no ha sido violado, por cuanto guarda congruencia con el artículo 44 ya citado de la Ley Hipotecaria.—Consi-derando: Que los artículos 42, en su caso 4º, y 389, en su párrafo 1º de la Ley Hipotecaria, que se invocan en el 9º y 17º motivo, no son concretos á la cuestión que se ventila, como así lo convence su simple lectura; y por lo que atañe al artículo 71 de la propia ley citada en la exposición del motivo 13º, tampoco es aplicable al caso de autos, pues la adjudicación de la casa sobre que pesaba la prohibición de enajenar, tuvo lugar antes de que se tomara en el Registro anotación de esa prohibición.—Considerando: Que los artículos 22, en su párrafo 3º, 33, 100, 83, en su párrafo 1º y 84 de la Ley Hipotecaria, no han podido ser infringidos en el concepto que se supone en los motivos 10º, 12º, 14º, 15º y 16º, por cuanto se parte del supuesto de haber sido cancelada por el Registrador de la Propiedad de Arecibo la anotación preventiva de prohibición de enajenar obtenida por las hermanas Catalán, y tal supuesto es manifiestamente falso, toda vez que la anotación subsiste aún, y precisamente

por esa razón es que se ha ordenado su cancelación en el fallo recurrido.—Considerando: Que el artículo 20 de la Ley Hipotecaria, que se cita como infringido en el 11° motivo, lejos de haberlo sido en el concepto que se expresa, ha tenido debida aplicación, pues al ser inscrita en el Registro de la Propiedad de Arecibo la escritura de venta otorgada en doce de Agosto de mil ochocientos noventa y seis por Doña Eusebia Uriarte á favor de Don Tomás Aquino Quiñones, ya se había inscrito á favor de aquélla la adjudicación que de la misma casa se le hizo en el juicio verbal civil que siguió ante el Juzgado Municipal de Arecibo contra Don Pascasio Serrano en cobro de pesos.—Considerando: Que también son de desestimar los motivos 18° y 19°, porque se dirigen contra razonamientos de la sentencia recurrida; y según tiene declarado reiteradamente esta Corte Suprema, sólo procede el recurso de casación contra la parte dispositiva de las sentencias, y no por los fundamentos de éstas.—Considerando: Que los motivos alegados en apoyo del recurso, como comprendido en el número 2 del artículo 1,690 de la Ley de Enjuiciamiento Civil, no revelan la incongruencia de la sentencia con las pretensiones oportunamente deducidas en el juicio por las demandantes, pues para ello sería necesario que resolviera algún punto no sometido al litigio; y lejos de ser así, declara sin lugar todas las nulidades solicitadas en la demanda, absuelve de ella á los demandados, y manda cancelar la anotación preventiva de prohibición de enajenar á que se referían dichas demandantes, sin que por tanto proceda el recurso por el expresado fundamento.—Considerando: Que también son improcedentes los motivos en que se basa el recurso, como comprendido en el número 4 del artículo 1,690 de la Ley de Enjuiciamiento Civil, pues el fallo no contiene disposiciones contradictorias, como lo revela su simple lectura; y en el hecho de mandar que se cancele la anotación preventiva de prohibición de enajenar, hecha el veinte y seis de Junio de mil ochocientos noventa y seis en el Registro de la

Propiedad de Arecibo, sobre la inscripción de la casa objeto del pleito, reconoce que no ha sido cancelada, cancelación que no ha existido, por más que con persistente error sostengan lo contrario las recurrentes.—Considerando: Que en los razonamientos empleados para sostener el recurso por error en la apreciación de las pruebas, no se precisan y determinan los errores de hecho y de derecho, ni se cita disposición legal infringida con relación al error de derecho que se haya cometido, pues el precepto legal invocado no es atinente al caso, debiendo en su consecuencia desestimarse también el recurso como comprendido en el número 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley, interpuesto á nombre de Doña Dolores y Doña Filiberta Catalán, á las que condenamos en las costas; y con devolución de los autos, líbrese la oportuna certificación de esta sentencia al Tribunal de Distrito de Arecibo á los efectos procedentes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras. —Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo, Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario sustituto certifico, en Puerto Rico á veinte y seis de Marzo de mil novecientos dos.— Eugenio Alvarez, *Secretario sustituto*.